UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STANLEY RIMER,<br><br>                       Plaintiff(s),<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>                       Defendant(s). | Case No. 2:13-CV-1440 JCM (GWF)<br><br>ORDER |

       Presently before the court is defendants' motion to strike plaintiff's oversized brief. (Doc. # 100). Also before the court is defendants' motion to extend time to file reply. (Doc. # 101).

       This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. (Doc. # 1-2). On May 8, 2015, defendants filed a motion for summary judgment. (Doc. # 81). On May 20, 2015, plaintiff filed a motion for enlargement of time. (Doc. # 89). On June 1, 2015, the court granted the motion and ordered that plaintiff would have up to and including Monday, July 13, 2015, to file his response. The court further ordered that defendants would have 14 days from the date of filing of plaintiff's response to file a reply. (Doc. # 92).

       On July 13, 2015, plaintiff filed his response to defendants' motion. Plaintiff's response is over 100 pages, and accompanied by over 100 additional pages of exhibits. (Doc. # 97). Defendants' reply is currently due on July 30, 2015. (Doc. # 97).

       Accordingly, defendants now move to strike plaintiff's response. (Doc. # 100). Defendants ask the court to reset the briefing schedule if the court strikes plaintiff's response, or alternatively, to allow a 30-day extension of time for defendants to reply to the oversized brief if it is not stricken. (Doc. # 101).

**James C. Mahan**
**U.S. District Judge**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, district courts have inherent power to control their own dockets, including the power to strike items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Local Rule 7-4 provides that "[u]nless otherwise ordered by the Court, pretrial and post-trial briefs and points and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits." D. Nev. R. 7-4.

Defendants' motion for summary judgment is 13 pages long. (Doc. # 81). Plaintiff's response is 111 pages, excluding exhibits. (Doc. # 97). Plaintiff did not seek leave to file an oversized brief as required by Local Rule 7-4. The court agrees with defendants that "the brief contains many redundant and tangential arguments that would be unduly burdensome for them to respond to and for this Court to consider . . . ." (Doc. # 100). Accordingly, the court will grant the motion to strike.

The court recognizes that plaintiff is proceeding *pro se* and is incarcerated. Accordingly, the court will afford plaintiff 30 days from the date of this order to file a response to defendants' motion that complies with the page limit provided by the local rules.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to strike, (doc. # 100), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's response, (doc. # 97), be, and the same hereby is, STRICKEN from the record.

IT IS FURTHER ORDERED that defendants' motion to extend time to file reply, (doc. # 101), be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff shall have 30 days from the date of this order to file a response to defendants' motion that complies with the page limit provided by the local rules. Defendants shall have 14 days from the date of filing of plaintiff's response to file a reply.

DATED July 28, 2015.

_____
UNITED STATES DISTRICT JUDGE